UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 24-CR-566 (CKK) |
| v. : | |
| : | |
| RICHARD GRAHAM FOOTE : | |
| O'DONOGHUE (also known as : | |
| GRAHAM O'DONOGHUE), : | |
| : | |
| Defendant. : | |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO CONTINUE TRIAL

Defendant Richard Graham Foote O'Donoghue ("Defendant") filed a motion to continue trial to October 2026. In the Government's view, such a continuance would cause unnecessary delay, and so the Government proposes that the Court keep the existing July 2026 trial date.

The Defendant was arrested and arraigned in May 2025. He was initially represented by attorneys Michael Villa and Eddie Mendoza. ECF 12-13. The same month, he substituted counsel to David Rybicki and Robert Silverblatt. ECF 21-22. Fourth months after his arraignment, in September 2025 the Defendant retained Williams & Connolly who have been advising him but "had done no trial preparation." ECF 59 at 2. Knowing that trial was set for July 2026, the Defendant recently chose to substitute trial counsel.

The parties initially discussed a March 2026 trial date, but the Government agreed to recommend a trial date in July 2026 at defense counsel's request. The parties proposed this date, and in December 2025 – three months after Williams & Connolly began representing the

1

Defendant – the Court set trial for July 6, 2026. ECF 55-56. The Defendant now seeks to continue the trial to October 2026. ECF 59.

The Government is prepared for trial and believes that five months is sufficient time to prepare. Discovery in this case is manageable and the issues are not particularly complex. In short, the Defendant did not tell his tax preparer about over $1 million in income: the Government contends this was willful, and he argues it was not. Moreover, the Government assisted defense counsel by presenting its theory of the case through a reverse proffer and highlighting key documents. Because the Defendant chose to substitute counsel knowing the trial date, and because five months is sufficient time to prepare for trial, a continuance is unnecessary in the Government's view, and the Government respectfully requests that the Court deny the Defendant's motion to continue.[1]

                                              JEANINE FERRIS PIRRO
                                              UNITED STATES ATTORNEY

By      /s/
          Sarah Ranney (NY Bar No. 5050919)
          Assistant United States Attorney

          Ezra Spiro (NY Bar No. 5921838)
          Trial Attorney
          Criminal Division

---

[1] As noted in the Defendant's motion, the Government does not oppose reasonable modifications to upcoming deadlines.