**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RICHARD GRAHAM FOOTE<br>O'DONOGHUE,<br><br>        *Defendant.* | Case No. 1:24-cr-00566-CKK |

**GRAHAM O'DONOGHUE'S OPPOSITION TO THE
GOVERNMENT'S MOTION FOR LEAVE TO FILE A SUR-REPLY**

The government's motion for leave to file a sur-reply is an unprincipled attempt to cure its own litigation failures. "Sur-replies are generally disfavored." *Anand v. U.S. Dep't of Health & Hum. Servs.*, No. 21-cv-1635 (CKK), 2022 WL 18911137, at *1 (D.D.C. Nov. 15, 2022). The government has not offered a credible basis to overcome this presumption.

More specifically, the government's only claimed justification for its additional round of briefing is that the Defendant "raised new legal arguments," in particular "about 18 U.S.C. § 3238, the 'high seas' venue statute—not included in the opening brief." Mot. at 1. It is correct that § 3238 was not mentioned in Defendant's opening brief. But that is not the right question. The question is whether the reply appropriately responded to arguments raised in the ***opposition*** brief. "As courts consistently observe, when arguments raised for the first time in reply fall 'within the scope of the matters [the opposing party] raised in opposition,' and the reply 'does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate.'" *Anand*, 2022 WL 18911137, at *1 (alteration in original) (quoting *Crummey v. Social Sec. Admin.*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011) (CKK), *aff'd*, No. 11-5231, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012)). The government's opposition focused almost entirely on § 3238, *see* ECF 89 at 3-7, making it fair game for the reply. Thus, the government's only stated justification fails as a matter of law. That

said, a few more points about the proposed sur-reply itself highlight the inappropriate nature of the proposed brief.

Defendant's opening brief devoted three pages to the argument that tax evasion under 26 U.S.C. § 7201 is complete upon the filing of the allegedly false return. The centerpiece of that argument was *Grunewald v. United States*, 353 U.S. 391 (1957), along with *Sansone v. United States*, 380 U.S. 343 (1965), and *United States v. Uscinski*, 369 F.3d 1243 (11th Cir. 2004). The government's opposition (ECF 89) did not mention *Grunewald* once. It acknowledged *Sansone* and *Uscinski* only in passing, dismissing them as "unique and different" without engaging with their substance. ECF 89 at 5-6. The government had an unfettered opportunity to grapple with these controlling cases in its opposition. It chose not to respond to them in its opposition and yet now claims an entitlement to address them in a sur-reply. *See* ECF 105-1 at 3. The government's deliberate decision not to engage with the controlling Supreme Court authority on the main point at issue in Defendant's motion to dismiss is not a basis for an additional bite at the apple; it is an informed litigation choice the government must live with.

Even worse, the government uses its proposed sur-reply to revise and rewrite key arguments from its opposition. The government stated in its opposition that for purposes of 26 U.S.C. § 7206(1), "venue is proper in any district in which the false return was prepared and signed, ***as well as the district in which it was received and filed***" because "***these are the essential conduct elements of the offense***." ECF 89 at 4 (emphasis added). That concession was significant because it acknowledged that an essential conduct element of the § 7206(1) counts occurred in the Western District of Texas, where the returns were received and processed. Under this Court's analysis in *United States v. Jin*, § 3238 "may constitutionally be applied only to offenses for which the 'essential conduct elements' were completed outside the United States." No. CR 23-091-2 (CKK),

2

2025 WL 2409749, at *21 (D.D.C. Aug. 19, 2025).  Thus, if an essential conduct element occurred in Texas, § 3238 cannot establish venue in this District.  Perhaps realizing after reading Defendant's reply brief that this concession was fatal to its own venue argument, the government about-faces in its proposed sur-reply, claiming that "the 'essential conduct element' for this offense is the making and subscribing of the false return, ***not the IRS' act of receiving it***."  ECF 105-1 at 6 (emphasis altered).  Notably, the government never mentions the prior contrary assertion it made in its opposition.  Sur-replies are not opportunities for do-overs, and the Court should reject the government's attempt to rehabilitate its opposition brief under the guise of a sur-reply.  *See, e.g.*, *Crummey*, 794 F. Supp. 2d at 63 ("Simply put, a surreply is not a vehicle for rehashing arguments that have already been raised and briefed by the parties.").

\* \* \*

The Court therefore should deny the government's motion for leave to file a sur-reply.


Dated: June 11, 2026

Respectfully submitted,

**WILLIAMS & CONNOLLY LLP**

*/s/ Tobin J. Romero*
Tobin J. Romero
(DC Bar No. 461273)
Simon A. Latcovich
(DC Bar No. 980319)
Avery N. Wentworth
(DC Bar No. 1781677)
680 Maine Avenue SW
Washington, DC 20024
Tel.: (202) 434-5000
Email: TRomero@wc.com
Email: SLatcovich@wc.com
Email: AWentworth@wc.com

*Counsel for Graham O'Donoghue*